## Brown et al. v. Canfield et al.

(Decided Nov. 26, 1935.)

JOHN T. DIEDERICH for appellants.

WAUGH & HOWERTON and VERNON A. DINKLE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Canfield-Brown Construction Company, a partnership composed of Rush Canfield, John Canfield, Rance Brown, Thomas Brown, and S. J. Pancake, obtained a contract in 1925 to construct certain streets in the city of Ashland. Before the work was completed, the property owners along certain other streets petitioned the board of council of the city of Ashland to construct the streets on which their property fronted in the same manner and on the same terms as the streets which were being constructed by the Canfield-Brown Construction Company. The city officials submitted the matter to the Canfield-Brown Construction Company, and Rance Brown and Thomas Brown refused to agree that the company should undertake the additional work. Thereupon, Rush Canfield, John Canfield, and S. J. Pancake undertook to construct the additional streets, and they performed the work as the Canfield-Pancake Company. All of the work was done on borrowed money. The amount of the entire contract, including the addition in which the Browns claim they had no interest, amounted to $52,497.44, and the amount received by the contractors from the sale of street assessment bonds was $46,927.06.

On April 17, 1926, the members of the partnership held a meeting for the purpose of allocating the losses of the two partnerships. H. L. Carroll, an accountant, had been employed to make a settlement of accounts between the two partnerships, and he reported that the Canfield-Brown Construction Company had sustained a loss of $3,241.80 which might be reduced to the extent of $1,886.98, the amount of street paving accounts which

had not been paid, and that the Canfield-Pancake Company had sustained a loss of $2,564.70, subject to a reduction of $287.33, the amount of unpaid street paving accounts.

At this time all claims against the two partnerships had been paid, except $5,788.51 owing to E. R. Womack. After the net amount of the loss was determined, Rush Canfield, John Canfield, Thomas Brown, and Rance Brown executed a note to Womack for $5,788.51. S. J. Pancake was not required to sign the note as he was insolvent. John Canfield later became insolvent and on November 27, 1929, E. R. Womack obtained a judgment on the note against Thomas Brown, Rance Brown, and Rush Canfield for the sum of $5,788.51, subject to a credit of $1,389.50 paid by Rush Canfield on April 17, 1926. Womack later assigned this judgment to Rance Brown.

On February 16, 1931, Rush Canfield and John Canfield brought this action to settle the partnership. Thomas Brown, Rance Brown, S. J. Pancake, the city of Ashland, the Ashland National Company, and other alleged creditors of the partnership were made defendants. It was alleged that the city of Ashland was indebted to the partnership in the sum of $1,192.24, and that on September 16, 1925, Thomas Brown, one of the partners, drew from the partnership's account at the Second National Bank of Ashland the sum of $2,150 for his own personal use, for which he had not accounted. Thomas Brown and Rance Brown filed separate answers and cross-petitions. Replies were filed completing the issues.

The case was referred to the master commissioner, and, after a large amount of proof was taken, he filed a report. He found that the check for $2,150, payable to Thomas Brown, was signed by Thomas Brown and Rush Canfield, who had been authorized by the partners to sign checks, and was for money which had been advanced to the partnership by Thomas Brown. He further found that the Canfield-Brown Construction Company had sustained a loss of $3,241.80, and the Canfield-Pancake Company a loss of $2,564.70, and that the four solvent members of the two partnerships executed a note to E. R. Womack for the aggregate amount of the losses, less the sum of $18, which was deducted therefrom as a credit to Rush Canfield, which he claimed to

have paid. He further found that John Canfield, since the execution of the note, had become insolvent, leaving Thomas Brown, Rance Brown, and Rush Canfield the only solvent obligors on the note. He found that the loss sustained by the Canfield-Pancake Company should be borne by Rush Canfield, the only solvent member of that company and that the loss incurred by the Canfield-Brown Construction Company should be borne equally by Rush Canfield, Rance Brown, and Thomas Brown, subject to a credit of $1,389.50 paid by Rush Canfield on April 17, 1926, and credited on the note. He made other findings which are not pertinent to the issues here involved.

Shortly after the report was filed, the master commissioner informed the court that he desired to withdraw it; since he was the attorney for one of the parties in another action then pending in the Greenup circuit court. The report was stricken from the file and the case was referred to a special commissioner who filed a report on May 20, 1933. Like the master commissioner, he found that two partnerships were involved, and that the Canfield-Brown Construction Company had no connection with the work done by the Canfield-Pancake Company, of which the Browns were not members. His report was the same in all respects as the report of the master commissioner, except as to the note for $5,788.51 executed to E. R. Womack. He found that this note was executed for the amount owing Womack by the Canfield-Brown Construction Company, and not for any amount owing by the Canfield-Pancake Company, as the latter firm had never borrowed any money from Womack. Section 11 of his report is as follows:

> "Rush Canfield is liable for one-third of the original amount due upon the E. R. Womack note and judgment. If the transaction by which Rance Brown acquired these is regular, this liability of Rush Canfield is to Rance Brown for one-third (1/3) of what Brown may have paid to Womack for the assignments. This liability of said Rush Canfield upon said note and judgment is subject to a credit of the sum of $1,389.50 paid by him thereon on April 17, 1926."

After exceptions to the report had been overruled, judgment was entered in accordance with the findings.

of the special commssioner, and Rance Brown and Thomas Brown have appealed.

In the court below, the appellee took the position that there was only one partnership, the Canfield-Brown Construction Company; that all of the loss was sustained by that company; and that each of the Browns, therefore, must bear his share of the loss in constructing the streets which were added to the original contract. The special commissioner, however, found against him on this point, and his finding is amply supported by the record. The proof shows that Thomas Brown and Rance Brown objected when it was suggested that the Canfield-Brown Construction Company should do this additional work in accordance with the terms of the original contract, and that thereupon the Canfields and Pancake agreed to do the work and organized another partnership independent of the Canfield-Brown Construction Company. The Browns took no part in the work, but, upon completion of the original contract, went to another county and began work under another contract.

It is admitted that if there were two partnerships both suffered a loss, and the sole question is, Must Rush Canfield, the only solvent member of the Canfield-Pancake Company, bear the entire loss suffered by that company?

The special commissioner found that no part of the loss suffered by that firm was represented by the note executed to E. R. Womack, since Womack had advanced no money to the Canfield-Pancake Company, and that therefore Rush Canfield was liable only for one-third of the total loss. Since the record shows that the Canfield-Pancake Company suffered a loss, this finding makes Thomas Brown and Rance Brown liable for two-thirds of the loss of a firm of which they were not members.

H. L. Carroll was employed by the partners to make a settlement of accounts between the two partnerships, and he reported that the Canfield-Brown Construction Company had sustained a loss of $3,241.80, and that the Canfield-Pancake Company had sustained a loss of $2,564.70. The partners accepted his report and executed a note to E. R. Womack, he being the only creditor, for the total amount of the loss less $18, which Rush Canfield claimed to have paid. It was immaterial

to Womack how the loss was allocated as between the partners, so long as the solvent members of the two partnerships signed the note. On the day the note was signed, Rush Canfield paid to Womack $1,389.50, which was credited on the note, and John Canfield executed a mortgage for $1,407.50 to Womack on certain real estate, which was inferior to two other liens then on the land. A short time thereafter the land was sold, and failed to bring an amount sufficient to pay the superior liens. Rush Canfield testified that the amount paid by him on the note represented his part of the loss, and was accepted by Womack in full satisfaction of any claim against him, and that he was released from any further liability on the note. Womack and the Browns denied the existence of such an agreement. It is appellants' contention that the mortgage of John Canfield was executed to secure his share of liability on the note, and that these amounts were arrived at by deducting from the loss sustained by the Canfield-Brown Construction Company the amount of street paving accounts which had not been paid, and dividing the net loss among the four solvent members of that company; and by determining the net loss of the Canfield-Pancake Company in the same manner, and dividing the loss between the two Canfields, both of whom were then solvent.

The special commissioner found in substance that the payment by Rush Canfield of $1,389.50 at the time the note was executed, and the execution of the mortgage by John Canfield were not accepted by E. R. Womack as a full settlement of their liability on the note, and the evidence amply supports such a finding. The special commissioner's finding that Thomas Brown and Rance Brown are each liable for one-third of the total loss sustained by the two firms is inconsistent with his finding that the two firms did exist and that the Canfield-Brown Construction Company had no connection with the work done by the Canfield-Pancake Company, and that an accounting was due between the two. He found that the Canfield-Brown Construction Company was indebted to the Canfield-Pancake Company in the sum of $870.72 for work done by the latter company for the former as reported by H. L. Carroll, the accountant who was employed by the partners to make a settlement between the two firms. He ignored that part of Carroll's report, however, which showed

that the Canfield-Brown Construction Company had sustained a loss of $3,241.80, and that the Canfield-Pancake Company had sustained a loss of $2,564.70.

There is no dispute in the evidence as to the correctness of these figures, and the fact that E. R. Womack advanced no money to the Canfield-Pancake Company has no bearing on the question since the note executed to him represented the combined losses of the two firms. We think that the evidence shows conclusively as found by the special commissioner that the appellants were not members of the Canfield-Pancake Company, and that Rush Canfield, the only solvent member of that company, is liable for its entire loss.

The judgment is reversed with directions to enter a judgment in conformity herewith.